AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| CLARENCE WILLIAMS | ) | Case No. 1:25-MJ-00288 |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of **July 24, 2024** in the county of **Hamilton** in the **Southern** District of **Ohio**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 846 | Distribution of Methamphetamine and Conspiracy to Possess with Intent to Distribute Methamphetamine. |

This criminal complaint is based on these facts:

See Affidavit

☑ Continued on the attached sheet.

*Rebecca L.S. DeBord*
Complainant's signature

Rebecca L. S. DeBord, Special Agent
*Printed name and title*

Sworn and subscribed to before me by reliable electronic means, specifically, FaceTime video conference, in accordance with Fed. R. Crim. P. 4.1.

Date: **Mar 31, 2025**

*Stephanie K. Bowman*
Judge's signature

City and state: Cincinnati, Ohio    Hon. Stephanie K. Bowman, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF A CRIMINAL COMPLAINT AND ARREST WARRANT FOR: Clarence WILLIAMS | Case No.   1:25-MJ-00288     <br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Rebecca L. S. DeBord, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint and arrest warrant for Clarence WILLIAMS ("WILLIAMS") charging him with conspiracy to possess with intent to distribute methamphetamine and distribution of methamphetamine, in violation of Title 21, U.S.C. §§ 841(a)(1) and 846 (the "**Subject Offenses**"). This affidavit is submitted for the limited purpose of demonstrating probable cause to issue a criminal complaint and arrest warrant and therefore I have not revealed each and every fact I know about this investigation.

2. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been since September 2022. I am currently assigned to the Violent Crime Squad in the Cincinnati FBI Field Office. My primary duties as an FBI SA consist of investigating criminal enterprises, narcotics investigations, organized crime, and violent crimes to include unlawful possession and possession with intent to distribute controlled substances, as well as the associated conspiracies in violation of 21 U.S.C. §§ 841, 843, and 846. I am familiar with federal firearms laws, and investigations into possession of a firearm by a convicted felon, possessing a firearm in furtherance of a drug trafficking crime and the associated violations under 18 U.S.C. §§ 922 and 924. As part of my standard training to become a FBI SA, I have received specialized training in the means and

1

methods by which individuals and criminal enterprises conduct their illegal activities, as well as the use of various investigative techniques to uncover unlawful activities. Based upon my experience and training, I am familiar with the ways in which drug traffickers conduct their unlawful drug trafficking activity, including, but not limited to, their use of code words and numbers to conduct their transactions, their use of multiple telephones to conduct their illegal activities, their methods for concealing narcotics and narcotics proceeds and their use of firearms, violence, and threats of violence to protect their criminal organization. Prior to my current assignment, I was employed for approximately 7 years as a Police Officer with the Lexington Police Department in Lexington, Kentucky.

3. I have participated in various types of electronic surveillance, including the interception of wire communications, in investigations of drug traffickers, money launderers and violent criminal enterprises. I am also familiar with, and have personally participated in, other methods of investigating criminal enterprises, including, but not limited to, visual surveillance, the questioning of witnesses, the use of informants, undercover operations, and the use of pen registers, including pen registers in the form of digital analyzers.

4. By virtue of my involvement in these investigations, I have become familiar with the various means and mechanisms used by drug traffickers to import and distribute controlled substances and to remain at large without being detected by law enforcement. I am familiar with the fact that drug traffickers make tremendous profits through drug trafficking and require large amounts of currency to operate surreptitiously.

5. Through discussions with other experienced agents and interviews, I have become familiar with the day-to-day operations of distributors and transporters of controlled substances. I have gained knowledge regarding the various methods, techniques, codes, and/or jargon used by

2

illegal drug traffickers in the course of their criminal activities. This includes information about the packaging and preparation of narcotics, methods in which illicit drugs are smuggled, transported, and distributed, and security measures commonly employed by narcotics traffickers. These security measures include the use of firearms to protect their narcotics-related activities, and the use of cellular telephones, pagers, and personal digital assistants to facilitate communications while attempting to avoid law enforcement scrutiny.

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7. Based on the facts as set forth in this affidavit, there is probable cause to believe that the **Subject Offenses** have been committed by WILLIAMS.

## PROBABLE CAUSE

8. Since May 2023, the FBI, the Drug Enforcement Administration (DEA) Cincinnati Field Division Office (DEA Cincinnati), and the Hamilton County Sheriff's Office (HSCO) Regional Enforcement Narcotics Unit (RENU) have been jointly investigating a large-scale poly-drug trafficking organization (DTO) network led by Jerome O. MITCHELL (the "MITCHELL DTO"). Clarence WILLIAMS has been identified to be a high ranking drug "runner" for the MITCHELL DTO, who has direct access to MITCHELL. Throughout the course of this investigation, agents have cultivated cooperating defendants, informants, and FBI Confidential Human Sources (CHSs). One such confidential source (hereinafter "CS-1")[1] has conducted

---

[1] CS-1 is working for case consideration on a pending state narcotics investigation and has a criminal history that includes drug trafficking. CS-7 has knowledge of the MITCHELL DTO, MITCHELL and other members of the DTO based upon prior business dealings. CS-1 has provided information in the past that has been independently corroborated and law enforcement therefore believes that the information provided by CS-1 is truthful and reliable.

3

multiple controlled purchases of narcotics from WILLIAMS. One such instance is described below.

9. In late July 24, 2024, at the direction and under the supervision of law enforcement, CS-1 purchased a quantity of methamphetamine indictive of drug trafficking from MITCHELL through WILLIAMS. CS-1 arranged the controlled purchase by contacting MITCHELL directly. MITCHELL agreed to sell the narcotics this date but stated that a "runner" would meet CS-1 with the narcotics on behalf of MITCHELL, at a pre-determined location selected by MITCHELL. Agents outfitted CS-1 with an audio recording device and provided them with pre-recorded buy funds. CS-1 then drove directly to the pre-determined location provided by MITCHELL[2].

10. Pre-surveillance was initiated in the area of Dixmont Avenue in anticipation of this controlled purchase. At approximately 2:39PM, CS-1 arrived in the area of 2953 Colerain Avenue, Cincinnati, Ohio (WILLIAMS' primary residence at this time.) At approximately 2:43PM, CS-1 was advised that the "runner" would be in a gray Cadillac.

11. A silver Cadillac SUV bearing Ohio registration plate: KHJ2358[3] was observed in the area. At approximately 2:51PM, WILLIAMS exited 2953 Colerain Avenue, and briefly entered the Cadillac. At approximately 2:52PM, WILLIAMS entered the front right passenger seat of CS-1's vehicle. CS-1 provided the pre-recorded buy funds to WILLIAMS in exchange for the methamphetamine. After brief conversation, WILLIAMS exited the vehicle and CS-1 departed the area, having completed the narcotic transaction.

---

[2] Notably, MITCHELL had prior knowledge and understanding, due to previous recorded conversations with a separate Confidential Source, that the purpose of this controlled purchase was to assist with the conveyance of methamphetamine into the Lorain Correctional Institution.
[3] The silver Cadillac SUV bearing Ohio registration plate: KHJ2358 returned registration information to Clarence WILLIAMS with the associated address of 5136 Winton Ridge Lane, Cincinnati, Ohio.

12. At approximately 2:53PM, after CS-1 had departed the area, WILLIAMS entered 2953 Colerain Avenue. At approximately 2:56PM, WILLIAMS exited 2953 Colerain Avenue, returned to his Cadillac SUV and departed the area.

13. Thereafter, CS-1 met with agents and immediately identified WILLIAMS to be the subject who sold them the drugs, additionally, CS-1 provided the address of 5136 Winton Road, Cincinnati, Ohio[4] as an address associated with WILLIAMS. Furthermore, CS-1 informed agents that WILLIAMS stated he could supply CS-1 with Suboxone stripes if needed and that WILLIAMS stated he was going to get 50 strips during their conversation during the controlled purchase.

14. The substance was sent to the Hamilton County Coroner's Laboratory for further evidentiary testing and was confirmed to be methamphetamine.

15. Based on evidence obtained as a result of this investigation, I believe probable cause exists that WILLIAMS conspired to possess with intent to distribute methamphetamine and distribute methamphetamine, in violation of Title 21, U.S.C. §§ 841(a)(1) and 846.

## REQUEST FOR SEALING

16. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution,

---

[4] Based upon the facts of this investigation to include the registered owner information of WILLIAMS' SUV to be 5136 Winton Ridge Lane, agents believe CS-1 was referring to 5136 Winton Ridge Lane when they provided the address of 5136 Winton Road.

5

destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

Respectfully submitted,

*Rebecca L.S. DeBord*

Rebecca L. S. DeBord
Special Agent
Federal Bureau of Investigation

Sworn and subscribed to before me by reliable electronic means, specifically, FaceTime video conference, in accordance with Fed. R. Crim. P. 4.1, on March __31__, 2025.

*Stephanie K. Bowman*
HONORABLE STEPHANIE K. BOWMAN
UNITED STATES MAGISTRATE JUDGE

6