UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:25-CR-39 |
| Plaintiff, | |
| | JUDGE HOPKINS |
| v. | |
| JEROME MITCHELL, | SUPERSEDING |
| | **INDICTMENT** |
| TERENCE HUFF, | |
| | 18 U.S.C. § 2 |
| CLARENCE WILLIAMS, and | 21 U.S.C. § 841(a)(1) |
| | 21 U.S.C. § 841(b)(1)(A) |
| JERMAINE MATHEWS, | 21 U.S.C. § 841(b)(1)(C) |
| | 21 U.S.C. § 846 |
| Defendants. | 21 U.S.C. § 856(a)(1) |
| | |
| | FORFEITURE ALLEGATION |

**THE GRAND JURY CHARGES**:

## COUNT 1
**(Conspiracy to Possess with Intent to Distribute Cocaine and Fentanyl)**

Beginning in or around September 2023 and continuing up to and including the date of this Superseding Indictment, in the Southern District of Ohio, and elsewhere, the defendants, **JEROME MITCHELL, TERENCE HUFF, CLARENCE WILLIAMS and JERMAINE MATHEWS**, did knowingly and intentionally combine, conspire, confederate and agree with each other and with others both known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute cocaine and fentanyl, Schedule II controlled substances, contrary to the provisions of 21 U.S.C. §§ 841(a)(1).

**Quantity of Controlled Substance Involved in the Conspiracy**

With respect to **JEROME MITCHELL**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably

foreseeable to him, is five (5) kilograms or more of cocaine and 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(A), and 846.

With respect to **TERENCE HUFF**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), and 846.

With respect to **CLARENCE WILLIAMS**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(A), and 846.

With respect to **JERMAINE MATHEWS**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(B), and 846.

**In violation of 21 U.S.C. § 846.**

## COUNT 2
### (Distribution of Methamphetamine)

On or about July 24, 2024, in the Southern District of Ohio, and elsewhere, the defendant **CLARENCE WILLIAMS** did knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

**In violation of 21 U.S.C.§ § 841(a)(1) and 841(b)(1)(C) and 18 U.S.C.§ 2.**

## COUNT 3
### (Operating a Drug Involved Premises)

Beginning on or about July 1, 2024, the exact date being unknown and continuing to on or about April 3, 2025, in the Southern District of Ohio, the defendant, **JERMAINE MATHEWS**, did knowingly and willfully open, lease, rent, use or maintain any place; to wit: 2415 Kenton Street, Cincinnati, Ohio 45206, whether permanently or temporarily, for the purpose of distributing a controlled substance.

**In violation of 21 U.S.C. §§ 856(a)(1) and 2.**

## FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses set forth in Counts 1, 2, and/or 3 of this Superseding Indictment, the defendants, **JEROME MITCHELL, TERENCE HUFF, CLARENCE WILLIAMS, and JERMAINE MATHEWS**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s); and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s).

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendants:

a.  cannot be located upon the exercise of due diligence;
b.  has been transferred or sold to, or deposited with, a third party;
c.  has been placed beyond the jurisdiction of the court;
d.  has been substantially diminished in value; or
e.  has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

A TRUE BILL

/S/
_____
GRAND JURY FOREPERSON

DOMINICK S. GERACE II
UNITED STATES ATTORNEY

_____
ANTHONY SPRINGER
ASSISTANT UNITED STATES ATTORNEY