**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 1:25-cr-00039** |
| **Plaintiff,** | **JUDGE HOPKINS** |
| **v.** | |
| | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO REMOVE GPS REQUIREMENT OF BOND** |
| **JERMAINE MATHEWS,** | |
| **Defendants.** | |

The United States respectfully submits this response to Defendant Jermaine Mathews' Motion to Remove GPS Requirement (R.68).

In seeking to have this Court remove the condition of GPS/Electronic monitoring, Mathews interprets the Amended Bond Order to require this condition, in part, because it was a condition of his bond in an unrelated state matter. We disagree. The Amended Bond Order provides that Mathews is to participate in the location monitoring program and comply with the requirements in Home Detention, as directed and that the condition of electronic monitoring is to be added "if EMU removed in Hamilton County." *(See* Doc. 61 PAGEID # 253). Accordingly, the removal of EMU on the unrelated matter on February 23, 2026, per the Amended Bond Order, is the very reason electronic monitoring should remain a condition of his pretrial release.

Mathews should remain under electronic monitoring while on bond pending trial. Mathews has been charged in a three-count Superseding Indictment with conspiracy to distribute and possess with intent to distribute fentanyl. Recognizing the devastation that fentanyl causes to our communities, the President has declared this drug a weapon of mass destruction. *See* Exec. Order

No. 14367, 90 Fed. Reg. 59365 (Dec. 15, 2025).  Mathews is also charged with operating a drug involved premises. These are serious offenses with significant penalties. He faces a considerable term of imprisonment upon conviction, including a mandatory minimum sentence of five years if the jury finds that Mathews conspired to distribute and possess with intent to distribute forty (40) grams or more of a mixture and substance containing fentanyl

In addition, considering the lengthy sentence he faces if convicted of the crimes charged in the Superseding Indictment, Mathews has a strong incentive to evade prosecution and obstruct these proceedings.  As such, his history and conduct suggest that electronic monitoring remains a necessary condition of his release.

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

*s/Anthony Springer*
ANTHONY SPRINGER (0067716)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Fax: (513) 684-6385
Anthony.Springer@usdoj.gov

2

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2026, a copy of the foregoing United States' Notice of

Completed Forfeiture was filed with the Court's electronic filing system (CM/ECF), which will

send electronic notification of such filing to all parties represented by attorneys who are registered

CM/ECF users.

*s/ Anthony Springer*
ANTHONY SPRINGER (0067716)
Assistant United States Attorney
